UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NORMAN HUMPHREYS, | ) Case No. EDCV 17-653-R(AJW) |
| Petitioner, | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION |
| v. | ) |
| SCOTT KERNAN, | ) |
| Respondent. | ) |

In 1996, petitioner was convicted in the Riverside County Superior Court of one count of second degree murder and one count of child endangerment. He was sentenced to state prison for a term of fifteen years to life. [Petition at 2].

On April 22, 1999, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 1996 conviction. Case No. CV 99-4334-LGB(AJW). On August 28, 2000, judgment was entered denying the petition on the merits.

Petitioner filed the current petition for a writ of habeas corpus on April 6, 2017. The petition challenges the sentence imposed based upon petitioner's 1996 conviction.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

To the extent that petitioner might contend that his petition meets an exception to the bar on successive petitions, he must present any such argument to the Ninth Circuit Court of Appeals. Because petitioner has not obtained leave from the Court of Appeals, this successive petition is dismissed for lack of jurisdiction.[1]

**It is so ordered.**

Dated: April 18, 2017

Manuel L. Real
United States District Judge

---

[1] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.